IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                               Crim. No. 05-20038-003

FELIX HERRERA, JR.                                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Felix Herrera, Jr. is charged in a multi-defendant case with conspiracy to distribute marijuana and conspiracy to commit money laundering. Trial is scheduled for October 24, 2005.

DISCUSSION

On September 2, 2005, Herrera filed a motion to suppress. A suppression hearing was conducted on September 26, 2005. Witnesses were DEA Special Agent Terry Keeter and DEA task force officer Allen Marx. After the hearing, Herrera filed a motion to continue the suppression hearing, arguing that the government failed to call as a witness Donna Cheney (Herrera), Herrera's wife.

On April 6, 2005, the undersigned issued an arrest warrant for Herrera pursuant to a criminal complaint. (Govt's Ex. 1). The address on the warrant was 175 E. Priddy Street, Magazine, Arkansas. Officers had been informed that Herrera was staying at the residence with his wife Donna Cheney.

On April 7, 2005, Marx and other officers arrived at 7:30 a.m. to execute the warrant and knocked on the door of the residence. Cheney answered the door, identified herself, and said that

Herrera was inside asleep in a bedroom.[1]  Cheney was taken outside by officers and Herrera was arrested.  Cheney spoke with Marx and advised she lived at the residence.  She also said a child stayed there, which Marx assumed was a grandchild.  Marx talked to Cheney about consenting to a search and she agreed.  Marx went over a Consent to Search form with Cheney.  Cheney signed the form which allowed officers to search the residence, outbuildings, and vehicles. (Govt's Ex. 2). The form contained language that the person giving consent had not been threatened or forced in any way and freely consented to the search.  Officers found marijuana in the living room and drug paraphernalia in a bedroom.

Marx ran a registration check on a vehicle parked at the property showing it belonged to Herrera and Cheney.  A cellular telephone was seized from the automobile.  Herrera and Cheney denied using the phone, stating it did not work and was given to the children as a toy.  Officers downloaded telephone numbers stored on the phone.

Cheney voluntarily initiated contact with law enforcement by going to the DEA office several months prior to her husband's arrest.  At the time, Herrera was not living with her.  She spoke with Keeter while Marx, who had worked the case since 2001, listened to the conversation. During the interview, Cheney confessed her and Herrera's involvement with drug trafficking.

Prior to grand jury proceedings, Cheney met with Keeter and Assistant United States Attorney Kenny Elser as to whether she planned to follow through and testify before the grand jury. She agreed to testify and was given immunity by the prosecutor.  She was advised by the assistant

---

1. Herrera made numerous objections during the suppression hearing which were overruled. A court may accept hearsay evidence at a suppression hearing if satisfied the statements were made and there is nothing to raise serious doubts about truthfulness. *United States v. Matlock*, 415 U.S. 164, 175-77 (1974).

United States attorney that she could be prosecuted for crimes and in order to obtain immunity needed to cooperate fully with the government. She advised Keeter and Elser that she had at her residence a box of records for Herrera's telephones.

On May 9, 2005, the grand jury returned indictments against Herrera and other defendants. Cheney continues to cooperate and will be a trial witness. She has not been paid money for her cooperation.

On June 27, 2005, Marx and Kerry Keeter went to Cheney's residence to inquire about the box of documents regarding Herrera's telephones. Cheney said she had not located these documents but that she had found other documents in Herrera's suitcase located in his vehicle. She told Keeter she found the suitcase when retrieving Herrera's clothes from the vehicle. Keeter did not direct or ask Cheney to search the vehicle. Further, he did not know of the existence of the documents and first learned of them when turned over by Cheney.

*April 7, 2005, Search*

The government has written a letter this date (Att. "A") stating that it does not intend to offer at trial the cell phone records and marijuana seized as a result of the April 7, 2005, search. Accordingly, defendant's motion to suppress these items should be dismissed as moot. Also, I have dismissed as moot a motion for continuance of the suppression hearing in order to have Cheney testify regarding her consent to the search.

*June 27, 2005, Seizure*

Herrera contends that on June 27, 2005, when Cheney delivered documents to Keeter and Marx belonging to Herrera, Cheney was acting as a government agent and her actions violated the Fourth Amendment. A search by a private citizen does not implicate the Fourth Amendment unless

the citizen was acting as a government agent. *United States v. Smith*, 383 F.3d 700, 705 (8th Cir. 2004) (citation omitted). Chief among the factors to consider in determining whether the private citizen was acting as an agent is whether the government had knowledge of and acquiesced in the intrusive conduct, whether the citizen intended to assist law enforcement agents or instead acted to further his own purposes, and whether the citizen acted at the government's request. *Id.* (citations omitted).

The hearing testimony established that Special Agent Keeter had no knowledge of the seizure of Herrera's property by Cheney and that Cheney was not acting at the government's request or direction in the matter. The circumstances of Cheney's actions suggest she was motivated by a desire to further her own interests in cooperating with the government, just as she had on other occasions. I find that Cheney did not act as a government agent and her actions are not subject to Fourth Amendment scrutiny.

CONCLUSION

Based on the above, I recommend that Herrera's motion to suppress the fruits of the April 7, 2005, be dismissed as moot and that the motion to suppress the fruits of the June 27, 2005, search and seizure be denied.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 29th day of September 2005.

                                              /s/Beverly Stites Jones
                                              HON. BEVERLY STITES JONES
                                              UNITED STATES MAGISTRATE JUDGE