UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                               PLAINTIFF

      v.        Crim. No. 2:05CR20038-003

FELIX HERRERA, JR.                                                     DEFENDANT

## REPORT AND RECOMMENDATION

This case is scheduled for trial on October 24, 2005. Before me is the motion of defendant Herrera for a *James* hearing (Doc. 233).

Federal Rules of Evidence 801(d)(2)(E) provides that a co-conspirator's statement is not hearsay if the statement was made "during the course and in furtherance of the conspiracy." The rule further provides that the contents of the statement shall be considered but are not alone sufficient to establish "the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered." An out-of-court statement by a co-conspirator is admissible if the trial court is satisfied by a preponderance of the evidence that the statement was made during the course of and in furtherance of a conspiracy to which the declarant and defendant were parties. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

In *United States v. Bell*, 573 F.2d 2040 (8th Cir. 1978), the Eighth Circuit set out the procedure for the admission of co-conspirators statements under Rule 801(d)(2)(E). Under *Bell*, a district court is required to admit conditionally at trial statements of co-conspirators subject to a final on-the-record ruling that the statement is admissible under the co-conspirator exception to the rule against hearsay. *See United States v. Roulette*, 75 F.3d 418, 424 (8th Cir. 1996).

**AO72A**
**(Rev. 8/82)**

The Fifth Circuit in *United States v. James*, 590 F.2d 575 (5th Cir. 1979)(en banc) held that, whenever reasonably practical, the district court is required to hold a preliminary hearing to determine the admissibility of co-conspirator statements rather than making the determination at trial. The Eighth Circuit does not require a preliminary hearing but has recognized that a district court may hold a preliminary hearing rather than conditionally admitting the statements at trial prior to the government's proof of a conspiracy. *See U.S. v. Darden*, 70 F.3d 1507, 1528 (8th Cir. 1995). The matter remains within the discretion of the trial court. *Id.*

This court's usual procedure is to make its determination under Rule 801(d)(2)(E) at trial under *United States v. Bell* and this case presents no facts and circumstances requiring deviation from the usual procedure. I therefore recommend that the motion for a preliminary *James* hearing be denied.

The parties have five (5) days to make any objections to this report. Failure to object may result in a waiver of objections.

ENTERED THIS 12TH DAY OF OCTOBER, 2005.

/s/ Beverly Stites Jones
U. S. Magistrate Judge

AO72A
(Rev. 8/82)